# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JANETTE P. BRINE individually & on behalf of others similarly situated,**

**Plaintiff,**

-vs-  Case No. 6:11-cv-507-Orl-19KRS

**PRINCETON PROFESSIONAL SERVICES, INC., ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, ADVENTIST HEALTH SYSTEM/SUNBELT, INC., FLORIDA HOSPITAL HEALTHCARE SYSTEM, INC., EAST ORLANDO HEALTH & REHAB CENTER, INC., XYZ ENTITIES 1-100,**

**Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 49)**
>
> **FILED:** February 29, 2012

**I.     PROCEDURAL HISTORY.**

Plaintiff Janette P. Brine[1] and Defendants Adventist Health System Sunbelt Healthcare Corporation, Adventist Health System/Sunbelt, Inc., Florida Hospital Healthcare System, Inc., East Orlando Health & Rehab Center, Inc. seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

**II.    ANALYSIS.**

In the complaint, Brine alleges that Defendants failed to pay her overtime compensation due under the FLSA. In her answers to the Court's interrogatories, Brine averred that she was owed $2,291.22 in overtime compensation and an equal amount in liquidated damages. Doc. No. 30 at 4 and Doc. No. 49 at 3. Under the settlement agreement, Brine will receive $1,600.00. Doc. No. 49-1 at 2. Therefore, Brine has compromised her FLSA claim.

The parties conducted some initial discovery. Defendants provided Punch Detail Reports containing each clock in and clock out by Brine, as well as the corresponding compensation records for each work week. The reports showed that Brine did clock in and out at the beginning and end of the work day as well as for meal periods. Brine's decision to accept the compromised amount of unpaid overtime wages was based, in part, upon her contention that many work days she clocked out for a meal period but actually continued working - without taking a bona fide, uninterrupted 30-minute break. Doc. No. 49 ¶ 4. This adequately explains the reason for the compromise.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that

---

[1] Although Brine filed this case on behalf of herself and others similarly situated, no other person has filed a consent to join the case.

-2-

counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[2] When the attorney's fees are agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Under the settlement agreement, counsel for Brine will receive $8,800.00 in attorney's fees and $965.00 in costs. Doc. No. 49-1 at 2. Counsel for the parties represent that this amount was resolved "separate and apart from the amounts claimed by Plaintiff." Doc. No. 49 at 7. Here, the settlement appears reasonable on its face and there is no reason to believe that Brine's recovery was adversely affected by the amount of fees paid to her attorney. Therefore, the Court will recommend approval of this settlement without considering the reasonableness of the attorney's fees.

In a supplemental briefing order, the undersigned raised a concern about the scope of the release under which Brine, "on her own behalf and for her heirs, legal representatives, agents, attorneys, personal representatives, successors and assigns [collectively 'the Releasors']" agrees not to sue and expressly releases Adventist Health System Sunbelt Healthcare Corporation, Adventist Health System/Sunbelt, Inc., Florida Hospital Healthcare System, Inc. and East Orlando Health & Rehab Center, Inc. "and any and all affiliated persons or business entities, including, but not limited to, any and all parent companies, sister companies, related entities, subsidiaries, affiliates,

---

[2]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

predecessors, successors, and assigns, together with their respective current and former officers, owners, directors, shareholders, members, partners, insurance carriers, agents, attorneys, representatives, and employees, and together with all persons, firms or corporations charged or chargeable with responsibility or liability (collectively 'the Releasees')" from all causes of action the Releasors "may have had, may now have or may have in the future, both known and unknown . . . from the beginning of the world to the date of the execution of this Agreement." Doc. No. 49-1 ¶ 4 (emphasis added). In response to the briefing order, counsel state that the release applies only to claims Brine may have against the Releasees, not to independent claims that Brine's "heirs, legal representatives, agents, attorneys, personal representatives, successors and assigns" may have against the Releasees. *See* Doc. No. 51. With this clarification, and assuming that Defendant has disclosed to Brine the identities of all of the Releasees, I recommend that the Court find that the release does not undermine the fairness of the settlement agreement.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. Because the settlement agreement contains a confidentiality clause that is unenforceable, at least in part, due to the public filing of the settlement agreement, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion for Approval of Settlement Agreement and for Dismissal with prejudice, Doc. No. 49;

3. **PROHIBIT** counsel for Plaintiff from withholding any of the funds payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 2, 2012.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy